```
 1
 2
 3
 4
 5
 6
 7
 8                    UNITED STATES DISTRICT COURT
 9                   NORTHERN DISTRICT OF CALIFORNIA
10
11   DEBRA J. MILES,            )
                                )
12            Plaintiff(s),     )    No. C07-6040 BZ
                                )
13        v.                    )
                                )    ORDER SCHEDULING JURY TRIAL
14   TARGET CORPORATION,        )    AND PRETRIAL MATTERS
                                )
15            Defendant(s).     )
                                )
16
17        Following the Case Management Conference, **IT IS HEREBY**
18   **ORDERED** that the Case Management Statement is adopted, except
19   as expressly modified by this Order.  It is further **ORDERED**
20   that:
21   1.   DATES
22   Trial Date: **Tuesday, January 20, 2009**, 5 days
23   Pretrial Conference: **Tuesday, 1/6/2009, at 4:00 p.m.**
24   Last Day to Hear Dispositive Motions: **Wednesday, 12/3/2008**
25   Last Day for Expert Discovery: **Friday, 10/24/2008**
26   Last Day for Expert Disclosure: **Friday, 10/17/2008**
27   Close of Non-expert Discovery: **Friday, 10/10/2008**
28   2.   DISCLOSURE AND DISCOVERY
```

1

1  The parties are reminded that a failure to voluntarily
2 disclose information pursuant to Federal Rule of Civil
3 Procedure 26(a) or to supplement disclosures or discovery
4 responses pursuant to Rule 26(e) may result in exclusionary
5 sanctions.  Thirty days prior to the close of non-expert
6 discovery, lead counsel for each party shall serve and file a
7 certification that all supplementation has been completed.

8  In the event a discovery dispute arises, **lead counsel** for
9 each party shall meet in person or, if counsel are outside the
10 Bay Area, by telephone and make a good faith effort to resolve
11 their dispute.  Exchanging letters or telephone messages about
12 the dispute is insufficient.  The Court does not read
13 subsequent positioning letters; parties shall instead make a
14 contemporaneous record of their meeting using a tape recorder
15 or a court reporter.

16  In the event they cannot resolve their dispute, the
17 parties must participate in a telephone conference with the
18 Court **before** filing any discovery motions or other papers.
19 The party seeking discovery shall request a conference in a
20 letter filed electronically not exceeding two pages (with no
21 attachments) which briefly explains the nature of the action
22 and the issues in dispute.  Other parties shall reply in
23 similar fashion within two days of receiving the letter
24 requesting the conference.  The Court will contact the parties
25 to schedule the conference.

26 3.   MOTIONS

27  Consult Civil Local Rules 7-1 through 7-5 and this
28 Court's standing orders regarding motion practice.  Motions

1  for **summary judgment** shall be accompanied by a statement of
2  the material facts not in dispute supported by citations to
3  admissible evidence.  The parties shall file a joint statement
4  of undisputed facts where possible.  If the parties are unable
5  to reach complete agreement after meeting and conferring, they
6  shall file a joint statement of the undisputed facts about
7  which they do agree.  Any party may then file a separate
8  statement of the additional facts that the party contends are
9  undisputed.  A party who without substantial justification
10 contends that a fact is in dispute is subject to sanctions.
11     A Chambers copy of all briefs shall be e-mailed in
12 WordPerfect or Word format to the following address:
13 bzpo@cand.uscourts.gov
14 4.   MEDIATION
15     By agreement of the parties, this matter has been
16 referred for an Mediation to be conducted within 120 days, if
17 possible.  The parties shall promptly notify the Court whether
18 the case is resolved at the Mediation.
19 5.   SETTLEMENT
20     This case has been referred for assignment to a
21 Magistrate Judge to conduct a settlement conference in October
22 or November 2008 in the event the case is not resolved at the
23 Mediation.  Counsel will be contacted by that judge's chambers
24 with a date and time for the conference.
25 6.   PRETRIAL CONFERENCE
26     Not less than thirty days prior to the date of the
27 pretrial conference, the parties shall meet and take all steps
28 necessary to fulfill the requirements of this Order.

1     Not less than twenty-one days prior to the pretrial
2  conference, the parties shall: (1) serve and file a joint
3  pretrial statement, containing the information listed in
4  **Attachment 1**, and a proposed pretrial order; (2) serve and
5  file trial briefs, Daubert motions, motions *in limine*,
6  proposed findings of fact and conclusions of law, and
7  statements designating excerpts from discovery that will be
8  offered at trial (specifying the witness and page and line
9  references); (3) exchange exhibits, agree on and number a
10 joint set of exhibits and number separately those exhibits to
11 which the parties cannot agree; (4) deliver all marked trial
12 exhibits directly to the courtroom clerk, Ms. Scott; (5)
13 deliver one extra set of all marked exhibits directly to
14 Chambers; and (6) submit all exhibits in three-ring binders.
15 Each exhibit shall  be marked with an exhibit label as
16 contained in **Attachment 2**.  The exhibits shall also be
17 separated with correctly marked side tabs so that they are
18 easy to find.
19     No party shall be permitted to call any witness or offer
20 any exhibit in its case in chief that is not disclosed at
21 pretrial, without leave of Court and for good cause.
22     Lead trial counsel for each party shall meet and confer
23 in an effort to resolve all disputes regarding anticipated
24 testimony, witnesses and exhibits.  All Daubert motions,
25 motions *in limine*, and objections will be heard at the
26 pretrial conference.  Not less than eleven days prior to the
27 pretrial conference, the parties shall serve and file any
28 objections to witnesses or exhibits or to the qualifications

4

of an expert witness.  Daubert motions and motion *in limine* shall be filed and served not less than twenty days prior to the conference.  Oppositions shall be filed and served not less than eleven days prior to the conference.  There shall be no replies.

Not less than twenty-one days prior to the pretrial conference the parties shall serve and file requested voir dire questions, jury instructions, and forms of verdict.  The following jury instructions from the *Manual of Model Civil Jury Instructions for the Ninth Circuit* (2007 ed.) will be given absent objection: 1.1C, 1.2, 1.6-1.14, 1.18, 1.19, 2.11, 3.1-3.3.  Do not submit a copy of these instructions.  Counsel shall submit a joint set of case specific instructions.  Any instructions on which the parties cannot agree may be submitted separately.  The Ninth Circuit Manual should be used where possible.  Each requested instruction shall be typed in full on a separate page with citations to the authority upon which it is based.  Proposed jury instructions taken from the Ninth Circuit Manual need only contain a citation to that source.  Any modifications made to proposed instructions taken from a manual of model instructions must be clearly indicated.  In addition, all proposed jury instructions should conform to the format of the Example Jury Instruction attached to this Order.  Not less than eleven days prior to the pretrial conference, the parties shall serve and file any objections to separately proposed jury instructions.

Jury instructions that the Court has given in prior cases may be downloaded from the Northern District website at

1 | **http:\\www.cand.uscourts.gov**.  (Instructions are located on
2 | the "Judge Information" page for Magistrate Judge Zimmerman.)
3 | The Court will generally give the same instructions in cases
4 | involving similar claims unless a party establishes, with
5 | supporting authorities, that the instruction is no longer
6 | correct or that a different instruction should be given.  CACI
7 | instructions generally will be given instead of BAJI
8 | instructions.
9 |     All motions, proposed findings of fact and conclusions of
10 | law and trial briefs shall be e-mailed in WordPerfect or Word
11 | format to the following address: bzpo@cand.uscourts.gov.
12 |     At the time of filing the original with the Clerk's
13 | Office, two copies of all documents (but only one copy of the
14 | exhibits) shall be delivered directly to Chambers (Room 15-
15 | 6688).  Chambers' copies of all pretrial documents shall be
16 | three-hole punched at the side, suitable for insertion into
17 | standard, three-ring binders.
18 | Dated: March 27, 2008
19 | _____
20 |          Bernard Zimmerman
          United States Magistrate Judge

25 | G:\BZALL\-BZCASES\MILES V. TARGET\TRIAL AND SCHEDULING ORDER.wpd

# ATTACHMENT 1

The parties shall file a joint pretrial conference statement containing the following information:

(1) **The Action.**

    (A) Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

    (B) Relief Prayed. A detailed statement of each party's position on the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

(2) **The Factual Basis of the Action.**

    (A) Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

    (B) Disputed Factual Issues. A plain and concise statement of all disputed factual issues which remain to be decided.

    (C) Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

    (D) Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

(3) **Trial Preparation.**

A brief description of the efforts the parties have

made to resolve disputes over anticipated testimony, exhibits and witnesses.

  (A) Witnesses to be Called. In lieu of FRCP 26(a)(3)(A), a list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given.

  (B) Estimate of Trial Time. An estimate of the number of court days needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

  (C) Use of Discovery Responses. In lieu of FRCP 26(a)(3)(B), cite possible presentation at trial of evidence, other than solely for impeachment or rebuttal, through use of excerpts from depositions, from interrogatory answers, or from responses to requests for admission.  Counsel shall state any objections to use of these materials and that counsel has conferred respecting such objections.

  (D) Further Discovery or Motions. A statement of all remaining motions, including <u>Daubert</u> motions.

 (4) **Trial Alternatives and Options.**

  (A) Settlement Discussion. A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

  (B) Amendments, Dismissals. A statement of requested or

                proposed amendments to pleadings or dismissals of parties, claims or defenses.

       (C)  Bifurcation, Separate Trial of Issues. A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(5) **Miscellaneous.**

Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

# ATTACHMENT 2

| | |
|---|---|
| **USDC**<br>Case No. CV07-06040 BZ<br>**JOINT** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV07-06040 BZ<br>**JOINT** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ |
| **USDC**<br>Case No. CV07-06040 BZ<br>**JOINT** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV07-06040 BZ<br>**JOINT** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ |
| **USDC**<br>Case No. CV07-06040 BZ<br>**PLNTF** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV07-06040 BZ<br>**PLNTF** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ |
| **USDC**<br>Case No. CV07-06040 BZ<br>**PLNTF** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV07-06040 BZ<br>**PLNTF** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ |
| **USDC**<br>Case No. CV07-06040 BZ<br>**DEFT** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV07-06040 BZ<br>**DEFT** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ |
| **USDC**<br>Case No. CV07-06040 BZ<br>**DEFT** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ | **USDC**<br>Case No. CV07-06040 BZ<br>**DEFT** Exhibit No. _____<br><br>Date Entered _____<br><br>Signature _____ |